[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S POST JUDGMENT MOTION FOR CONTEMPT (#247)
On May 13, 1998, the court entered a judgment of dissolution of marriage. The judgment incorporated by reference a written stipulation as to financial issues. The court reserved jurisdiction over the issue of personal property.
On May 19, 1998, after conducting a hearing on the division of personal property, the court entered a judgment awarding the parties their personal property.
On March 10, 1999, the defendant filed the present motion alleging the plaintiffs failure to comply with the judgment. Only two items remain in dispute. They are a backhoe and a post hole digger. The court held a hearing on October 19, 1999 and took evidence presented by the parties.
The court has been presented with a difficult decision in what appears to be a simple problem. The court wants to be fair to both parties but is handicapped for several reasons.
The original trial in this case occurred approximately one and one half years ago, as did the hearing on the division of personal property. At the latter hearing, neither party raised the issue of the two items presently in dispute.
It is also noted that the plaintiffs financial affidavit, dated December 4, 1997, lists the backhoe/hole digger as an asset, but claimed only a fifty per cent interest therein. Also, the defendant's claims for relief, dated May 12, 1998, include a proposed asset distribution as Schedule A. That proposal refers CT Page 13845 only to the large tractor and trailer and does not mention attachments, backhoe/hole plugger. It appears that neither party brought the attachments to the attention of the court.
Although the court has some reservations as to its jurisdiction to deal with the remaining items in isolation, it will do so to accommodate the parties in an attempt to hold down legal fees and bring finality to the matter.
Apparently the two items cost approximately $4,800 when purchased in 1996. They were purchased to be used with the large tractor but were capable of being used with any tractor.
After reviewing the evidence and the file in this case, the court believes the following Solomonic approach is the equitable way to solve this problem.
The following orders may enter:
(1) The defendant shall have the option to have the backhoe and post hole digger upon the payment of $2,500 to the plaintiff.
 The defendant shall notify the plaintiff of his decision within fifteen days from the date of this memorandum.
(2) If the defendant elects not to take the disputed items, then the plaintiff shall have the same option. She shall notify the defendant within fifteen days of receiving his decision.
(3) In the event both parties decline to exercise the option offered, then the disputed items shall be offered for sale to the public at a price determined by the defendant.
 The proceeds from the sale shall be equally divided between the parties.
So Ordered.
NOVACK, J.